MARIE L. GIANNETTI, DEFENDANT IN ERROR, v. INEZ E. SMITH, PLAINTIFF IN ERROR.

Submitted March 25, 1901—Decided June 10, 1901.

The defendant made a lease to one Antonio Giannetti, the husband of the plaintiff, who died June 8th, 1898.  The lease contained a demise for the term of ten years, with a covenant that the lessor would supply the lessee with water-power to the extent of twenty horse-power at all times during the twenty-four hours of every

day, unless prevented from so doing by unavoidable accident. This action is brought by the plaintiff, the widow of Antonio Giannetti. to recover damages for the breach of this covenant. The trial resulted in a verdict for the plaintiff. The deceased left a will bearing date October 23d, 1897, which contained the following clause: "I give, devise and bequeath to my beloved wife, Marie Legay Giannetti, all my estate, whether real, personal or mixed, and wheresoever the same may be situated, to have and to hold the same for her own use and benefit absolutely." By this will Marie Legay Giannetti was also made executrix. By an instrument under her hand and seal as executrix, bearing date January 20th, 1899, she transferred to herself all the right, title, interest and estate which the deceased had in the lease in question. The right of the plaintiff to maintain this action was made a matter of exception at the trial. *Held*, that by the will the leasehold estate passed to the widow immediately on the death of the testator. The assignment by the plaintiff as executrix to herself simply expressed the consent of the executrix that the property should be taken under the will.

On error to the Passaic Circuit.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, COLLINS and HENDRICKSON.

For the plaintiff in error, *Zebulon M. Ward* and *Frank E. Pellet.*

For the defendant in error, *Michael Dunn* and *Charles Dunn.*

The opinion of the court was delivered by

DEPUE, CHIEF JUSTICE. This suit was brought by the plaintiff, who is the widow of Antonio Giannetti, deceased, to recover damages for the breach of a covenant contained in a lease. The lease was made by the defendant to the husband of the plaintiff, and demised to him a certain mill and dwelling-house at Pompton for the term of ten years. The lease contained a covenant that the lessor would supply the lessee with water-power, to the extent of twenty horse-power, at all times during the twenty-four hours of every day, unless prevented from so doing by unavoidable accident. The action

is brought by the plaintiff, the widow of Antonio Giannetti, to recover damages for the breach of the covenant above set out. The trial resulted in a verdict in favor of the plaintiff.

The principal question raised on this writ of error concerns the right of the plaintiff to maintain this suit. Antonio Giannetti, to whom this lease was made, died on the 8th of June, 1898. The deceased left a will, bearing date October 23d, 1897, duly executed and probated, which contained the following clause:

*"Second.* I give, devise and bequeath to my beloved wife, Marie Legay Giannetti, all my estate, whether real, personal or mixed, and wheresoever the same may be situated, to have and to hold the same for her own use and benefit absolutely."

By this will Marie Legay Giannetti was also made executrix. By an instrument under her hand and seal as executrix, bearing date January 20th, 1899, Mrs. Giannetti transferred to herself all the right, title, interest and estate which the deceased had in the lease in question.

The general rule is that chattels real shall go to the executor or administrator, and not to the heir. 1 *Wms. Ex.* 746 [670]. All leases and terms of lands, tenements and hereditaments of a chattel quality are chattels real, and will go to the executor or administrator; but he has no interest in the freehold of terms or leases. The general rule for distinguishing these two kinds is that all interests for a shorter period than a life, or, more properly speaking, all interests for a definite space of time, measured by years, months or days, are deemed chattel interests; in other words, testamentary, and of the nature, for the purposes of succession, of other chattels or personal property. *Id.* 749 [674]. An executor or administrator takes, as assignee, by virtue of his office, all leases for years of lands, rents and the like. *Tayl. Land. & T.,* § 434. A lease being an interest in lands which a man may dispose of by will, such a disposition, of course, takes effect upon the death of the proprietor, vesting, in the first instance, in the executor, by virtue of his office, and the legatee cannot enter without the consent of the executor. *Id.* 433. If the term for years be specifically devised, it will, neverthe-

less, in the first instance, vest in the executor, by virtue of his office, for the usual purposes to which the testator's assets shall be applied, and the legatee has no right to enter without the executor's special assent. 1 *Wms. Ex.* 754 [680]. Leasehold estates, as chattels real, are capable of being devised by will, but the devisee cannot take possession without the consent of the executor. The omission of the word "executors" or "administrators" in the lease will make no difference. The property, as a chattel real, will pass by a will in virtue of its own inherent nature.

By the will of the testator, under the devise and bequest "to my beloved wife all my estate, whether real, personal or mixed, and wheresoever the same may be situated, to have and to hold the same for her own use and benefit absolutely," the leasehold estate passed to her immediately on the death of the testator. The assignment by the plaintiff, as executrix, to herself is of no importance in this case, except as expressing the consent of the executrix that the property should be taken under the will. She took either as executrix or under the bequest in the will.

The instruction of the trial judge that the lease and the covenant sued on should be regarded as made with Mrs. Giannetti was entirely correct.

The other errors assigned in the brief of counsel relate to matters of fact, which are not brought under consideration by this writ.

The judgment should be affirmed.